E-FILED
Tuesday, 08 October, 2024  09:06:34 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| AARON T., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04046-SLD-JEH |
| | ) | |
| MARTIN O'MALLEY, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is Plaintiff Aaron T.'s Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d), ECF No. 12 at 1.[1]  For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

Aaron filed his complaint on March 11, 2024, seeking judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying his claim for disability insurance benefits.  *See generally* Compl., ECF No. 1.  On May 14, 2024, Aaron and the Commissioner jointly filed a stipulation stating that the decision denying Aaron's application for benefits should be reversed and that the case should be remanded.  Joint Stip. Remand Comm'r 1, ECF No. 8.  The Court construed the stipulation as a motion to remand, which it granted pursuant to sentence four of 42 U.S.C. § 405(g).  May 16, 2024 Order 1–2, ECF No. 9.  Judgment was entered on May 20, 2024.  Judgment, ECF No. 10.  The parties filed a stipulation

---

[1] Aaron's motion for attorney's fees, his attorney's declaration in support thereof, and supporting memorandum were filed as one continuous, unpaginated document in ECF No. 12.  *See generally* Mot. Att'y Fees; Konoski Decl., ECF No. 12 at 2–4; Mem. Supp. Mot. Att'y Fees, ECF No. 12 at 5–16.  The Court's citations to pages of these documents use the page numbers affixed to each page by CM/ECF when viewing the entirety of ECF No. 12.

on June 4, 2024, asserting that Aaron was entitled to $969.38 in attorney's fees and expenses

under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Stip. Att'y Fees 1–2,

ECF No. 11.  The Court found that the stipulation did "not include sufficient information for the

Court to award fees under the EAJA," and directed Aaron "to supply an itemization of his

attorneys' hours, including the dates those hours were worked and any documentation necessary

to support the rate requested."  June 6, 2024 Text Order.  Aaron filed the pending motion on June

17, 2024, *see generally* Mot. Att'y Fees, and the Commissioner does not oppose Aaron's motion,

*see generally* Resp. Mot. Att'y Fees, ECF No. 13.

## DISCUSSION

### I.  Attorney's Fees Under the Equal Access to Justice Act

Under the EAJA, a litigant who is successful in his suit against the federal government is

entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the

government's position was not "substantially justified"; (3) there exist no special circumstances

that would make an award unjust; and (4) he filed a timely application with the district court.  28

U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Aaron is a "prevailing party" within the meaning of the EAJA by virtue of having

had judgment entered in his favor and his case remanded to the Commissioner for further review.

*See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the

litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex.*

*State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming

prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in

litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in

original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

2

Second, Aaron's motion is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within thirty days of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 95 (1991). In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id.* at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Judgment was entered on May 20, 2024, and Aaron filed his motion on June 17, 2024, twenty-eight days later. Either party would have had sixty days to appeal, *see* Fed. R. App. P. 4(a)(1)(B) (providing that where one party is a United States officer sued in an official capacity, the parties have sixty days to appeal), plus the thirty-day allowance in accordance with section 2412(d)(1)(B). Thus, Aaron had to file his motion within ninety days of entry of judgment. Because Aaron's motion falls within this window, the Court finds that the request is timely.

Third, the Commissioner's position was not "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, Aaron argues that the

3

Commissioner's position was not substantially justified because he "consented to a Sentence 4 remand." Mem. Supp. Mot. Att'y Fees 9, ECF No. 12 at 5–16. The Commissioner does not oppose Aaron's motion, *see generally* Resp. Mot. Att'y Fees, so the Court finds that the Commissioner's position was not substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Aaron is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Aaron's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Such showings are required "to avoid the possibility of a 'windfall'" for the successful litigant's attorney. *Id.* at 429.

To determine the appropriate number of hours worked, the Court turns to Aaron's attorney's exhibit documenting the hours of work which he expended upon proceedings in this Court. *See* Time Sheets, Mot. Att'y Fees Ex. B, ECF No. 12-1 at 4–5. The exhibit demonstrates

that Aaron's attorney expended 2.5 hours "[r]eview[ing] to determine if [h]e w[ould] accept the case," and that a paralegal expended 3 hours preparing the complaint, civil cover sheet, summonses, and an *in forma pauperis* petition—a total of 5.5 hours. *See id.*; *Krecioch*, 316 F.3d at 687 (noting that a paralegal's time is compensable under the EAJA). The Court finds that those 5.5 hours were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Aaron asserts that his attorney's work should be compensated by a total payment of $969.38—$609.38 for work performed by his attorney (2.5 hours at a rate of $243.75/hour) and $360 for his attorney's paralegal (3 hours at a rate of $120/hour). *See, e.g.*, Mem. Supp. Mot. Att'y Fees 6. He does not seek to recover any costs. *Id.* To justify his attorney's rate, Aaron invokes the cost-of-living adjustments allowed under 28 U.S.C. § 2412(d)(2)(A) and points to the Consumer Price Index ("CPI") as evidence for a rate which appropriately accounts for such adjustments. *Id.* at 11. Courts often use the CPI for this purpose, *see id.* at 11–12 (collecting cases), including this Court, *see, e.g.*, *Dean W.T. v. O'Malley*, No. 4:22-cv-04174-SLD-JEH, 2024 WL 1587019, at *3 (C.D. Ill. Apr. 11, 2024). But the CPI is not the same for every region in the country and Aaron requests that the Court rely upon the CPI for all items in a region covering New York because his attorney's office is in that region. *See* Mem. Supp. Mot. Att'y Fees 12 (citing *Mannino v. West*, 12 Vet. App. 242 (1999)). The Federal Circuit has approved the holding in *Mannino*, requiring lower courts to use a local CPI approach because "using the market rate and the cost of living actually experienced by an EAJA applicant's attorney is most consistent with EAJA's plain language." *Parrott v. Shulkin*, 851 F.3d 1242, 1249 (Fed. Cir. 2017). Yet some courts within the Seventh Circuit have found that the EAJA's language "cuts

the other way," favoring a national CPI approach.  *See Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865–67 (E.D. Wis. 2018).  Within the Seventh Circuit, courts have discretion as to whether to use a national or regional CPI, *see Sprinkle*, 777 F.3d at 428 n.2, but using a national CPI here would result in more fees than using the CPI for the New York region.[2]

     *Sprinkle* does not clarify whether the relevant "community" should be based upon a claimant's location or the location of his attorney's office.  *See Sprinkle*, 777 F.3d at 428–29. However, the Seventh Circuit has made clear that "[t]he proceeding to recover fees under the [EAJA] is intended to be summary."  *Sosebee v. Astrue*, 494 F.3d 583, 588 (7th Cir. 2007) (first alteration in original) (quotation marks omitted); *see also Jensen*, 343 F. Supp. 3d at 866 (noting that calculating fees based upon where an attorney works "injects unnecessary confusion into what is supposed to be a summary proceeding").  Further, courts may consider the input—or lack thereof—from the Commissioner when adjudicating these EAJA fee requests.  *Cf. Sprinkle*, 777 F.3d at 428 ("If the government believes for some reason that the CPI does not accurately reflect what has happened in a particular legal market, it can if it wishes offer evidence to that effect."). Here, the Commissioner does not oppose Aaron's requested rate.  *See generally* Resp. Mot. Att'y Fees.  Therefore, considering persuasive authority like *Mannino* and *Parrott*, the Court will utilize the CPI applicable to the location of Aaron's attorney's office.

     "[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  To determine what fee increase above the statutory ceiling may be authorized,

---

[2] Using the methodology explained later in this Order, a national CPI would lead to a ratio of 1.993, a rate of $249.14/hour, and $622.84 in fees for Aaron's attorney's time, which is higher than the $609.38 Aaron requests. *See Consumer Price Index for All Urban Consumers (CPI-U)*, U.S. Bureau Lab. Stat., https://data.bls.gov/cgi-bin/srgate (enter "CUUR0000SA0"; select "Next - >"; under the "Specify year range:" heading, select "From: 1996" and "To: 2024"; under the "Annual Averages" heading, check "include annual averages"; then hit "Retrieve Data") (last visited October 8, 2024).

courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the statutory limit of $125 was set, *i.e.*, March 1996.  *See Dean W.T.*, 2024 WL 1587019, at *3; Mem. Supp. Mot. Att'y Fees 13 (purporting to use the "CPI-All Items Index for New York and New Jersey" and providing a link to the CPI-U for that region).  The $125 limit is multiplied by this ratio to determine the proportional change in rate.  *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).  The work performed by Aaron's attorney was performed in February 2024.  *See* Time Sheets (listing one entry on February 21, 2024).  The CPI-U for the region covering New York was 166.5 in March 1996 and 328.606 in February 2024, such that the index had increased by a factor of 1.974.  *See Consumer Price Index - New York-Newark-Jersey City, NY-NJ-PA (1982-84 = 100): All Urban Consumers - (CPI-U)*, U.S. Bureau Lab. Stat., https://www.bls.gov/regions/northeast/data/xg-tables/ro2xgcpiny.htm (last visited Oct. 8, 2024).  An increase of the $125 cap to $246.70 would therefore be warranted.

Aaron arrived at a different rate: $243.75.  *See* Mem. Supp. Mot. Att'y Fees 13 (asserting that $243.75 would be the appropriate rate).  For the purposes of his request, he purported to "use the last month of the year in which services were rendered for the CPI calculation."  *Id.* at 12 (citing *Nong v. Reno*, 28 F. Supp. 2d 27 (D.D.C. 1998)).  Perhaps because data is not yet available for December 2024, Aaron used December 2023 as the basis for his calculation, despite his attorney rendering services only in February 2024.  *See id.* at 13; Time Sheets.  In any event, this rather arbitrary selection of a baseline month is unwarranted in this circuit, where courts should "us[e] the date on which the legal services were performed."  *See Sprinkle*, 777 F.3d at 428.  A proper calculation would yield Aaron slightly more fees than he requested.  Because the

Commissioner's lack of opposition was based upon this lower rate and it is Aaron's burden to demonstrate his entitlement to fees, *see Hensley*, 461 U.S. at 437, the Court will hold him to this lower rate of $243.75, resulting in fees of $609.38 for his attorney's time.

Aaron seeks compensation for his attorney's paralegal's time at a rate of $120/hour. "Fees for work done by paralegals can be awarded under the fee-shifting provision of the EAJA." *Krecioch*, 316 F.3d at 687.  Courts within this circuit have found rates for paralegals between $100 and $125 to be reasonable in EAJA cases.  *See Pulatov v. U.S. Citizenship & Immigr. Servs.*, 532 F. Supp. 3d 575, 581 (N.D. Ill. 2021) (awarding rates of $100/hour and $125/hour); *Bryan M. v. Saul*, No. 4:18-cv-04195-SLD-JEH, 2019 WL 13214086, at *3 (C.D. Ill. Aug. 8, 2019) (awarding a rate of $100/hour).  Again, as this request is unopposed, the Court finds that $120/hour is a reasonable rate for the three hours of work performed by the paralegal. This results in $360 for the paralegal's time, for a total award of $969.38.

Turning to whether Aaron's attorney's requested rate exceeds the prevailing market rate, *Sprinkle* requires not only calculations based on information like the CPI, but also "satisfactory evidence that the rate [the attorney] request[s] is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience."  *See, e.g.*, *Wright v. Berryhill*, NO. 1:14-CV-08163, 2017 WL 2588218, at *2 (N.D. Ill. June 14, 2017) (quoting *Sprinkle*, 777 F.3d at 428).  Aaron's attorney's declaration asserts that the rate of $243.75/hour "is an adequate fee based on market rates in the region" based upon a survey of rates charged by attorneys in New York City.  Konoski Decl. ¶ 12, ECF No. 12 at 2–4 (citing Ronald L. Burdge, *United States Consumer Law: Attorney Fee Survey Report 2017-2018* (2019), https://burdgelaw.com/wp-content/uploads/2021/11/US-Consumer-Law-Attorney-Fee-Survey-Report-w-Table-of-Cases-091119.pdf).  That survey found that the average rate charged by

attorneys in New York City about six years ago was $447.  *See* Burdge, *supra*, at 384.  Because this request is unopposed and the rate requested is in line with similar requests that the Court has recently approved, the Court finds that Aaron's requested rate does not exceed the relevant prevailing rate.  However, the Court admonishes Aaron's attorney that such outdated and generalized surveys are typically inadequate to satisfy the burden of demonstrating that the requested rate does not exceed the prevailing rate "for similar services by lawyers of comparable skill and experience."  *See Sprinkle*, 777 F.3d at 428.[3]

In sum, the Court finds that Aaron's requested attorney's fees are reasonable and that the requested rate does not exceed the prevailing market rate.  Aaron assigned his right to EAJA fees to his attorney.  *See* Assignment, Mot. Att'y Fees Ex. C, ECF No. 12-1 at 6–7.  Provided that Aaron does not owe any qualifying debts to the United States, the EAJA fees are payable directly to Aaron's attorney.  *See Mathews*-*Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421.

## CONCLUSION

Accordingly, Aaron T.'s Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d), ECF No. 12 at 1, is GRANTED.  Aaron's attorney is awarded $969.38 in attorney's fees.  This amount may be offset to satisfy any pre-existing debt that Aaron owes to the United States.  *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  If payment is mailed, instead of electronically deposited, it shall be mailed to Aaron's attorney's address of record: 305 Broadway, 7th Floor, New York, NY 10007.

---

[3] The Court has previously admonished attorneys to not rely upon such surveys—untied to the attorney's skill, experience, and type of service offered—in fee requests before this Court. *See, e.g.*, *Anthony G. v. Kijakazi*, No. 4:21-cv-04220-SLD-KLM, 2023 WL 6879827, at *3 (C.D. Ill. Oct. 18, 2023) (awarding a rate of $224.46 for work performed in 2022 and admonishing the plaintiff's attorney to not rely on such surveys in future fee requests before the Court).

Entered this 8th day of October, 2024.

s/ Sara Darrow
_____
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
