UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| AARON T., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 4:24-cv-04046-SLD-RLH |
| | ) |
| FRANK BISIGNANO, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Petitioner Bryan Konoski's—attorney for Plaintiff Aaron T.—motion for attorney fees under 42 U.S.C. § 406(b), ECF No. 15. For the reasons that follow, the motion is GRANTED IN PART.

**BACKGROUND**

Aaron filed this suit in March 2024 seeking judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying his claim for disability benefits. Compl., ECF No. 1. The parties jointly moved for the Court to reverse the Commissioner's decision and remand the matter to the Commissioner for further proceedings. Stip. Remand, ECF No. 8. The Court granted the motion, Order, ECF No. 9, and judgment was entered on May 20, 2024, Judgment, ECF No. 10. On October 8, 2024, the Court awarded Aaron $969.38 in fees under the Equal Access to Justice Act ("EAJA"). EAJA Order, ECF No. 14. In October 2025, the Social Security Administration ("SSA") awarded Aaron $77,462.00 in past due benefits. *See generally* Not. Award 2, Mot. Att'y Fees Ex. A, ECF No. 15-2 at 1–6.

The SSA withheld $19,365.50 from the award to pay Aaron's representative before the agency and his federal court lawyer. *Id.* at 3–4. It noted that $9,200 was withheld to pay Aaron's representative before the SSA and that it was withholding the remaining $10,165.50 in

1

case his federal court lawyer sought fees. *Id.* Aaron agreed to pay his attorney 25 percent of any past due benefits awarded after an appeal to federal court. *See* Fee Agreement 1, Mot. Att'y Fees Ex. B, ECF No. 15-2 at 7–9. Konoski seeks $11,364.88 in attorney's fees with a reduction of $969.38 to account for the EAJA fees he already received. Mot. Att'y Fees 1. Accordingly, he requests a net total of $10,165.50 in fees, *id.*, the remainder of the amount withheld by the SSA. Konoski "communicated by email with" the Commissioner's attorney who "stated that the agency neither objects nor consents to the motion." Certificate Conferral ¶¶ 1–2, ECF No. 15-1.

## DISCUSSION

The Social Security Act allows a court to award "a reasonable fee for . . . representation" of a claimant who prevails in court. 42 U.S.C. § 406(b)(1)(A). This fee must not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("The fee is payable out of, and not in addition to, the amount of [the] past-due benefits." (alteration in original) (quotation marks omitted)).

> [A] district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024).

The $11,364.88 requested for attorney's fees here amounts to only approximately 14.7% of Aaron's total past due benefits, which is less than what Konoski is entitled to under the fee agreement. Under the agreement, he would have been entitled to $19,365.50. Even so, the Court finds the amount Konoski requests unreasonable. The Court recognizes that Konoski has expertise in this area and represents many Social Security plaintiffs. He is a partner for a

specialized firm that concentrates on Social Security disability appeals to federal court, his firm "act[s] as 'counsel to the profession' in this niche practice area," and they are members of and contribute to national organizations focusing on Social Security disability appeals. Konoski Affirmation ¶¶ 16–17, 22–24, ECF No. 15 at 2–8.

This expertise might support a large fee in typical cases, but Konoski's efforts in this case do not. Konoski himself only spent 2.5 hours on this case. *See* Time Sheet, Mot. Att'y Fees Ex. C, ECF No. 15-2 at 10–11. Those 2.5 hours were spent "[r]eview[ing] to determine if [his firm would] accept the case." *Id.* A paralegal then spent three hours preparing a motion for leave to proceed *in forma pauperis*, a complaint, summonses, and a civil cover sheet. *Id.* Essentially, all Konoski's firm did was take the case and file case initiating documents. The Court finds that to compensate Konoski and his firm over $11,000 for so little work would be unreasonable. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."); *Narug v. Comm'r of Soc. Sec.*, No. 2:19-CV-490 JD, 2022 WL 3714743, at *2 (N.D. Ind. Aug. 29, 2022) (awarding $16,713 in attorney's fees despite counsel spending less than ten hours on the case because "this was not a case in which counsel filed boilerplate briefs, or won with no effort . . . .").

An award of $11,364.88 for attorney work only would result in an effective hourly rate of $4,545.95. Even if the Court considered the paralegal hours, a total award of $11,364.88 would amount to an effective hourly rate of $2,066.34. Konoski does not identify any cases in which awards resulting in similar effective hourly rates have been approved. The Court located *Wattles v. Commissioner of Social Security*, No. 10-cv-2108, 2012 WL 169967, at *1–3 (C.D. Ill. Jan. 18, 2012), in which the court approved an award of $20,000 in fees that resulted in an effective hourly rate between $2,500 and $3,125. But in that case, the plaintiff had been awarded

3

$185,822 in past due benefits after "pursu[ing] his claim for a decade." *Id.* at *1–2. The attorney had represented the plaintiff two times in federal court. *See id.* at *2–3. The court found relevant the long relationship between the plaintiff and the attorney and that the attorney took the case on for a second time at great risk. *Id.* After the "Commissioner had vigorously opposed the claim for disability," the attorney "could reasonably have expected continued resistance and the possibility of years of litigation." *Id.* at *3. It turned out that the Commissioner stipulated to remand "shortly after the case was commenced," but that "result would have been hard to imagine, let alone foresee" by the attorney. *Id.* The court reasoned that "[t]his is not a case where [the plaintiff] made a random selection of a lawyer who performed a few hours of work that paid off significantly." *Id.* Based on the information before the Court, that appears to be what happened here—Aaron hired Konoski and Konoski did a little work that paid off significantly.

The Court finds that because of the limited efforts expended on this case, a reduction in the requested fee to $8,250 is warranted. That results in an effective hourly rate of $1,500. While still a high rate, it is more aligned with effective rates approved in the Seventh Circuit, *see, e.g.*, *Long v. Saul*, No. 3:19-CV-155 JD, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (approving an award that resulted in an effective hourly rate of $1,711.96 for attorney work and noting that other courts have approved awards resulting in effective hourly rates of $1,522.14 and $1,612.28), and appropriately accounts for the risk inherent in representing Social Security plaintiffs.[1]

---

[1] A study cited by the Seventh Circuit Court of Appeals in 2011 suggested that only approximately 35 percent of Social Security cases appealed to district courts ultimately result in an award of benefits. *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011). An attorney who represents Social Security claimants is unlikely to get fees from most of his clients if few of them receive benefits. The amount he receives from clients who do get an award of past-due benefits, then, must be sufficient to incentivize him to represent the other clients for whom he may not get paid. *Cf. Rasmussen v. Colvin*, No. 10 C 2344, 2013 WL 4537316, at *3 (N.D. Ill. Aug. 27, 2013) ("Moreover, because only 35% of disability appeals result in benefit awards, Counsel's effective hourly rate for all Social

## CONCLUSION

Accordingly, Petitioner Bryan Konoski's motion for attorney's fees under 42 U.S.C. § 406(b), ECF No. 15, is GRANTED IN PART. Konoski is awarded $8,250 in attorney's fees under § 406(b). As he has already received $969.38 in EAJA fees, he is entitled to $7,280.62 to be paid out of Plaintiff Aaron T.'s past due benefits in accordance with Social Security Administration policy.

Entered this 26th day of May, 2026.

s/ Sara Darrow
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE

---

Security disability claims cases handled is substantially less than the $998 per hour realized in this case." (*citing Martinez*, 630 F.3d at 695)).